IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS, ) ) ) ) ) | District Judge: |
| Plaintiff, ) ) | Magistrate Judge: Iain D. Johnston |
| vs. ) ) | Case No: |
| PRECISION BUILDERS, INC., an Iowa Corporation, ) ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs, The Construction Industry Retirement Fund of Rockford, Illinois, and The Construction Industry Welfare Fund of Rockford, Illinois, by their attorneys, WilliamsMcCarthy LLP, bring this Complaint against defendant, PRECISION BUILDERS, INC.

**(Failure to Pay Contributions to the Fund)**

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois and The Construction Industry Welfare Fund of Rockford, Illinois (referred to herein as the "Funds" or "plaintiffs") are administered in Rockford, Illinois.

4. The Funds are a multi-employer benefits plans withing the meaning of ERISA. They are established and maintained pursuant to Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. The Northwest Illinois & Eastern Iowa District Council of Carpenters ("the Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about January 12, 1995, defendant entered into a Collective Bargaining Agreement with the Union, evidence of which is attached hereto as Exhibit A.

8. Under the terms of the Collective Bargaining Agreement, and subsequent Trust Agreements to which defendant is bound, defendant is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9. Under the terms of the Agreements, contributions to the Funds are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

10. Under the terms of the Agreements, any employer who fails to make the

contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

11. An employer who fails to pay contributions to the Funds sixty (60) days following the due date are considered delinquent and is required to pay interest at fifteen percent (15%) per annum (retroactive to the due date) and twenty percent (20%) in liquidated damages along with all legal fees and costs expended to collect this money.

12. Under the terms of the Agreements to which defendant is bound, defendant is required to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

13. Beginning in June, 2014, defendant has failed to report and/or pay contributions owed to the Funds in violation of its contractual obligations and the obligations under State and Federal law.

14. On April 26, 2016, the Fund assessed defendant a delinquent penalty as set forth on Exhibit B.

15. As a direct and proximate result of defendant's failure to pay contributions, defendant's employees' retirement benefits are in jeopardy.

16. Defendant's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA. 29 U.S.C. § 185.

17. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, defendant is liable to the Fund for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions,

reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, plaintiffs respectfully request that this Court enter a Judgment against defendant PRECISION BUILDERS, INC., as follows:

(a) Entering judgment in a sum certain against defendant on any amount shown due and owing pursuant to Exhibit B, or otherwise, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs;

(b) Enjoining defendant from violating the terms of the Agreements;

(c) Awarding plaintiffs any further legal and equitable relief as the Court deems appropriate; and

(d) Ordering defendant to remain current in payment of all contributions to the Funds.

THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS Plaintiffs,
By: WILLIAMSMCCARTHY, LLP

/s/   Troy E. Haggestad

WILLIAMSMcCARTHY, LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900
thaggestad@wilmac.com